MICHAEL JAMES THOMPSON-ASHFORD,

        Plaintiff,

  v.

                                       Case No. 25-cv-397-pp

SHAWMUT SERVICES,
*d/b/a Revolutionfield Strategies,*

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

---

        On March 14, 2025, the plaintiff, representing himself, filed a federal complaint. Dkt. No. 1. He alleges workplace discrimination based on his color, national origin, race, religion and sex, dkt. no. 1-1 at 1, resulting in lost wages and pain and suffering, dkt. no. 1 at 7. The plaintiff attached to his complaint a Charge of Discrimination form digitally signed November 22, 2024. Dkt. No. 1-1. But he did not attach to the complaint a right-to-sue letter from either the EEOC or the Wisconsin Department of Workforce Development. Along with his complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

        This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee and screens the complaint.

1

**I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow a plaintiff to proceed without prepaying the filing fee, the court must decide whether the plaintiff can pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit indicates that he is employed at Balance Inc., is not married and has one minor child whom he is responsible for supporting. Dkt. No. 2 at 1-2. He states that has $1,097.17 per month in wages or salary. Id. at 2. He lists another source of income, $500 from Temps Plus. Id. The plaintiff lists monthly obligations of $400 for rent, $80 for "SR-22, WI" and between $400 and $500 for other household expenses, totaling $980 per month. Id. at 2-3. He states that he has -$12.66 in a checking account with Chime and no other property of value. Id. at 3-4. He says, "[C]urrent situation

2

Case 2:25-cv-00397-PP     Filed 07/10/25     Page 2 of 7     Document 4

is hindering the well being of my family bills are usually late and come out of Chime 'Spot Me' groceries are hard to maintain throughout the month." Id. at 4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to *prepay* the filing fee. But the court advises the plaintiff that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphases in original).

## II. Screening the Complaint

### A. Legal Standard

The court must next decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A complaint filed by a self-represented litigant must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented]

3

litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe their filings, self-represented litigants must comply with Rule 8(a)(2), which requires that a complaint contain "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not plead every fact supporting his claims; he need only to give the defendant fair notice of the claims and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state viable claims against the defendant, the complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.    Discussion

As the court stated above, the plaintiff did not attach to his complaint a notice of right to sue letter. And although his complaint contains four pages of single-spaced allegations, the complaint does not allege that the plaintiff received a notice of right to sue letter before filing this federal lawsuit. This is

4

important, because, as the court will explain, a notice of right to sue letter is a critical requirement to filing a federal employment discrimination claim.

Before bringing a claim under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC and receiving a right-to-sue letter. Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019). Although "courts do not demand hypertechnical compliance with the filing requirements of Title VII . . . in recognition that lay persons often file EEOC charges without consulting lawyers," no "blanket exception to the filing requirements . . . exist[s] for [self-represented] litigants who file EEOC charges." Secrist v. Burns Int'l Sec. Servs., 926 F. Supp. 823, 825 (E.D. Wis. 1996). If it is obvious from the face of the complaint that the plaintiff has not satisfied the exhaustion requirement, a court may dismiss the complaint for failure to state a claim upon which a relief may be granted. See Jones v. Bock, 549 U.S. 199, 215 (2007); Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003) (citing McNeil v. United States, 508 U.S. 106, 113 (1993).

It is not obvious from the face of the complaint that the plaintiff has not satisfied the exhaustion requirement. Perhaps he received a notice of right to sue letter but neglected to attach it to the complaint. Receiving a right-to-sue letter is not a jurisdictional prerequisite to a Title VII suit "but rather, 'a defense to a Title VII claim.'" Bell v. DeJoy, Appeal No. 24-1478, 2024 WL 4948846, *3 (7th Cir. Dec. 3, 2024) (quoting Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001)). And "receipt of [the right-to-sue] letter after the complaint had

5

been filed, but before it [is] dismissed, effectively cure[s] the deficiency in the original complaint." Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir. 1991).

The defendant has not yet asserted such defense; it has not yet appeared in the case (because the court has not yet screened the complaint or ordered the defendant to respond). Because it is possible that the plaintiff has received a notice of right to sue letter (which would show that he has satisfied the exhaustion requirement), the court will not dismiss the case. Instead, it will administratively close the case to give the plaintiff a chance to provide the court with a copy of his notice of right to sue letter (if he has received one). If the plaintiff has received an notice of right to sue letter from either the EEOC and/or the Wisconsin Equal Rights Division, he may file a motion to reopen this case and attach to it a copy of that notice of right to sue letter. His motion does not need to be long or contain legal citations. He needs only to put the case name and case number in the caption of the motion, and explain to the court in the motion that he'd like the court to reopen the case because he did receive a notice of right to sue letter. But if the plaintiff files a motion to reopen, he must file a copy of the notice of right to sue letter with his motion.

If the plaintiff does file a motion to reopen and provide the court with the notice of right to sue letter, his March 14, 2025 filing date will be preserved for limitation purposes.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

6

The court **ORDERS** that the case is **ADMINISTRATIVELY CLOSED** and the original filing date is preserved.

The court **ORDERS** that if the plaintiff has, or receives, a notice of right to sue letter, he must attach that letter to any motion to reopen.

Dated in Milwaukee, Wisconsin this 10th day of July, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**