UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL JAMES THOMPSON-ASHFORD,

        Plaintiffs,

v.

        Case No. 25-cv-397-pp

SHAWMUT SERVICE
*d/b/a Revolutionfield Strategies*

        Defendants.

---

**ORDER GRANTING MOTION TO REOPEN AND SCREENING COMPLAINT (DKT. NO. 1)**

---

      On March 14, 2025, the plaintiff, representing himself, filed a complaint. Dkt. No. 1. He alleges workplace discrimination based on his color, national origin, race, religion and sex, id. at 1, resulting in lost wages and pain and suffering, id. at 7. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. In July 2025, the court granted the plaintiff's motion for leave to proceed without prepaying the filing fee and partially screened his complaint. Dkt. No. 4. The court observed that the plaintiff had not attached a notice of right to sue letter from the United States Equal Employment Opportunity Commission or the Wisconsin Equal Rights Division—a prerequisite to filing an employment discrimination suit. Id. at 6. The court administratively closed the case and told the plaintiff that he could move to reopen the case and attach a notice of right to sue letter. Id. Later in July, the court received from the plaintiff a motion to reopen, attaching a charge of discrimination from the EEOC. Dkt. No. 5. The court denied the motion without prejudice, explaining that the plaintiff must attach a notice of

1

right to sue letter (not a discrimination charge). Dkt. No. 6. On August 1, 2025, the court received from the plaintiff another motion to reopen; this time, he attached a notice of right to sue letter from the EEOC. Dkt. No. 7. This order grants the plaintiff's motion to reopen, screens the complaint and orders the plaintiff to amend his complaint.

I. **Motion to Reopen (Dkt. No. 7)**

As the court explained in its July 10, 2025 screening order, before bringing a claim under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC and receiving a right-to-sue letter. Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019). The plaintiff has attached a notice of right to sue dated January 22, 2025. He filed his complaint on March 14, 2025. Dkt. No. 1; see Dkt. No. 4 at 6 ("If the plaintiff does file a motion to reopen and provide the court with the notice of right to sue letter, his March 14, 2025 filing date will be preserved for limitation purposes."). The plaintiff filed his complaint within ninety days of the date on the notice-of-right-to-sue letter, as required. The court will grant the plaintiff's motion to reopen.

II. **Screening**

Although the plaintiff now has demonstrated that he has exhausted his administrative remedies, the court still must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A complaint filed by a self-represented litigant must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court

2

is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe their filings, self-represented litigants must comply with Rule 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff need not plead every fact supporting his claims; he need only to give the defendant fair notice of the claims and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state viable claims against the defendant, the complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

Federal law prohibits employers from discriminating against an individual because of that individual's race, color, religion, sex, national origin or age. 42 U.S.C. §2000e-2(a); see also 29 U.S.C. §623(a). To successfully state a claim of employment discrimination, the plaintiff must "allege enough facts to allow for a plausible inference that the adverse action was connected to her

protected characteristics." Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022).

A. Facts Alleged in the Complaint

The plaintiff used this district's complaint form for non-prisoner filers without lawyers and attached a charge of discrimination form. Dkt. No. 1. The charge of discrimination form's section titled "The Particulars Are" sums up the plaintiff's general allegations: "I was hired in or about March 16, 2024, as a Quality Control Associate. During my employment, others were not collaborative. Thereafter, I was discharged without a reason. . . I believe I was discriminated against based on my race (Black), my color (brown), national origin (American), sex (male), and religion (Nuwaubian) in violation of Title VII of the Civil rights Act of 1964, as amended." Dkt. No. 1-1 at 1.

The complaint explains that the plaintiff worked for the defendant for thirteen days and details his interactions with coworkers. Dkt. No. 1 at 3–6. The complaint states that the plaintiff's coworkers routinely ignored him and isolated him, creating a hostile work environment. Id. It asserts that the plaintiff heard that some of the plaintiff's coworkers were planning to "target" him. Id. at 4. It says that the program director told the plaintiff that he smelled like marijuana even though the plaintiff does not smoke but his coworkers do. Id. The complaint alleges that the plaintiff overheard the program director saying that "the program would move forward with 'terminations' and 'new hires[,]'" and that he was interviewing someone else to "replace [the plaintiff]." Id. at 5. It alleges that someone had left their breakfast garbage at the plaintiff's workstation for him to clean. Id. at 6. The complaint alleges that the program director called the plaintiff to inform him that he had been let go and told the plaintiff that the program director knew that the plaintiff had had

trouble being on time. Id. The plaintiff seeks compensation for lost wages and for pain and suffering. Id. at 7. The complaint describes the race and gender of the coworkers the complaint alleges were involved in the discrimination, and in one case, the nationality and religion. Id. at 3.

    B.    <u>Analysis</u>

The complaint does not state sufficient facts to allege a claim under Title VII. Aside from listing the race and gender of the people who allegedly discriminated against the plaintiff, the complaint does not explain how the hostile work environment and the plaintiff's termination were related to his protected characteristics. The plaintiff does not allege any facts that would give him reason to think that his co-workers were treating him the way they were because he was Black, or because his skin is brown, or because he is American. He does not provide any information explaining how his co-workers or supervisors would have known his religion. It is not enough for a plaintiff to allege that he was treated badly by people of a different race or color or gender—he must allege facts showing that that treatment was the *result* of his race or color or gender. The plaintiff has not alleged that any of his co-workers said anything about his race, color, gender, nationality or religion (or that they made disparaging comments generally about Black people or people with brown skin or men or Americans). The plaintiff has alleged that he was not treated well by his co-workers, but he has alleged no facts creating a plausible inference that that treatment, or his termination, were related to his race, skin color, gender, nationality or religion.

The court will allow the plaintiff to file an amended complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his

5

constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; 4) When did each person violate his rights?; and 5) Why does he think that the person(s) or company acted based on his protected characteristics, and not for some other reason? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to contain enough information to allow the court to determine why the plaintiff believes his co-workers actions were related to his race, color, gender, nationality or religion.

The court is enclosing a copy of its amended complaint form, which the plaintiff must use in drafting his amended complaint. The plaintiff must list the case number for this case on the first page. The amended complaint takes the place of the original complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. If the court does not receive an amended complaint from the plaintiff by the deadline the court will set below, the court will dismiss the plaintiff's case for his failure to state a claim in the original complaint.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to reopen the case. Dkt. No. 7.

The court **DETERMINES** that the plaintiff's complaint does not state a claim. The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **December 26, 2025**, the plaintiff must file an amended complaint, complying with the instructions in this order. If the court receives an amended complaint by day's end on December 26, 2025, the court will screen the amended complaint to determine whether it states a claim upon

6

which this court may grant relief. If the court does *not* receive an amended complaint from the plaintiff by the end of the day on December 26, 2025, the court will dismiss this case without prejudice, without further notice or hearing, for the plaintiff's failure to state a claim in his original complaint.

Dated in Milwaukee, Wisconsin this 20th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**